WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01228-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Jones, | |
| Defendant. | |

On October 30, 2023, the Court sentenced Defendant Mark Jones ("Defendant") to six months' imprisonment, which was consistent with his plea agreement, and found that he had waived the right to appeal pursuant to his plea agreement. (Docs. 107, 109.) The Court did not remand Defendant into custody at the time of sentencing and instead authorized him to self-surrender at the institution designated by the Bureau of Prisons (or, alternatively, to the United States Marshal) by January 8, 2024. (*Id.*)

Despite the appeal waiver, Defendant has now appealed his conviction and sentence. (Doc. 113.) Additionally, on December 22, 2023, Defendant filed, through his appellate counsel, an amended motion to remain out of custody pending the resolution of his appeal. (Doc. 126.) Earlier today, the government filed a response in opposition. (Doc. 127.) The Court has carefully reviewed both filings and agrees with the government that Defendant's motion should be denied.[1]

---

[1] The Court regrets that it was unable to issue this ruling sooner, given the impending self-surrender deadline, but the timing was a consequence of when the motion was filed and how the briefing sequence unfolded.

As background, and as both parties correctly note, Defendant's request is governed by 18 U.S.C. § 3143(b)(1). Under that provision, "a defendant who has been convicted and sentenced to a term of imprisonment shall be detained pending appeal unless the court finds that [1] the person is not likely to flee or pose a danger to the safety of any other person or the community if released and that [2] the appeal is not for purpose of delay and [3] raises a substantial question of law or fact [4] likely to result in reversal or an order for a new trial." *United States v. Handy*, 761 F.2d 1279, 1279-80 (9th Cir. 1985) (brackets added).

Defendant bears the burden of establishing the first factor by clear and convincing evidence. *United States v. Garcia*, 340 F.3d 1013, 1021 n.6 (9th Cir. 2003) ("[U]nder § 3143(b)(1)(A) . . . the court considers only whether the defendant has proved by clear and convincing evidence that he is 'not likely' to flee or pose a danger to others."). The Court concludes that Defendant has met that burden for the reasons discussed in his motion. (Doc. 126 at 4 ["[B]ased on Jones's prompt release on his own recognizance, his incident-free release over the ensuing 16 months, and the Court's setting of a self-surrender date for Jones, it seems fair to assert that the Court has continued to agree that Jones is neither a flight risk nor a danger to the community."].)

In contrast, Defendant has failed to meet his burden as to the second factor, *i.e.*, establishing that his appeal is not for the purpose of delay. The Court acknowledges that this factor is only implicated rarely, but this is an unusual case. During the underlying proceedings, Defendant engaged in an array of tactics that can be fairly viewed as delay tactics intended to stave off the imposition and service of his prison sentence, including refusing to provide responsive answers during the *Faretta* colloquy and refusing to discuss the presentence report with his counsel, even after the Court took a recess during the sentencing hearing for that purpose. This backdrop suggests that this appeal, too, is for the purpose of delay.

Defendant has also failed to meet his burden as to the third factor, *i.e.*, establishing that his appeal raises a "substantial" question of law or fact. To be clear, Defendant does

1   not need to demonstrate a likelihood of success on appeal in order to meet the substantial-
2   question threshold—instead, "a substantial question is one that is fairly debatable or fairly
3   doubtful . . . [and] is one of more substance than would be necessary to a finding that it
4   was not frivolous." *Handy*, 761 F.2d at 1283 (cleaned up).  *See also Garcia*, 340 F.3d at
5   1020 n.5 ("The defendant, in other words, need not, under *Handy*, present an appeal that
6   will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor,
7   would likely result in reversal or could satisfy one of the other conditions.").  Even so,
8   Defendant has not made the necessary showing.  The Court recognizes the difficulty that
9   Defendant's appellate counsel may have faced in drafting the pending motion before the
10  underlying trial transcripts were prepared, but the motion merely identifies the issues
11  Defendant may raise on appeal without providing any explanation as to why the Court's
12  resolution of those issues would be subject to a non-frivolous appellate challenge.  (Doc.
13  126 at 5-6 ["On appeal, [Defendant] will or may raise the issues of whether he should have
14  been permitted to represent himself; whether his guilty plea resulted from threats or
15  coercion, or was otherwise involuntary, unknowing, or both; and whether he should have
16  been permitted to withdraw from his guilty plea.  Additional issues may present themselves
17  once counsel has the transcripts from Jones's hearings, and once counsel has been able to
18  talk with her immediate predecessor counsel."].)  Although this was an unusual case in
19  light of Defendant's conduct before and during sentencing, the Court is not presently aware
20  of (and Defendant has not identified) any non-frivolous basis for questioning the Court's
21  rulings.

22      Because Defendant has not satisfied his burden as to the second and third factors,
23  the Court need not address the fourth factor.

24      …
25      …
26      …
27      …
28      …

Accordingly,

**IT IS ORDERED** that Defendant's amended motion for release pending appeal (Doc. 126) is **denied**.

Dated this 5th day of January, 2024.

Dominic W. Lanza
United States District Judge